# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| KAREY SESSIONS, as parent and next friend of Leland Sessions, a minor child; and KAREY SESSIONS, as parent and next friend of Charlie Sessions, a minor child, | ) ) ) ) ) ) |
| Plaintiffs, | ) Case No. 1:24-CV-00406-SGC |
| v. | ) ) ) |
| BRIAN CHAN-A-SUE, | ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION[1]

Karey Sessions, as parent and next friend of minor children Leland Sessions ("Leland") and Charlie Sessions ("Charlie") (collectively, "the plaintiffs"), commenced this action against Brian Chan-A-Sue (the "defendant") in the Circuit Court of Calhoun County, Alabama. (Doc. 1-1).[2] The defendant removed the action to this district court on the basis of diversity jurisdiction. (Doc. 1). The plaintiffs thereafter filed a motion to remand under 28 U.S.C. § 1447(c), arguing the

---

[1] The parties have consented to the exercise of dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c). (Doc. 10).

[2] Citations to the record refer either to the document and page numbers assigned by the court's CM/ECF electronic document system or to the document assigned by CM/ECF and the paragraph number assigned by the drafter of the document. The former type of citation appears in the following format: (Doc. __ at __). The latter type of citation appears in the following format: (Doc. __ at ¶__).

defendant's removal was untimely.  (Doc. 3).  The parties have fully briefed the motion.  (Docs. 3, 7, 8).  For the reasons stated below, the court will grant the plaintiffs' motion and remand this case to the Calhoun County Circuit Court.

## I. Background

This action arises out of a car accident that occurred in Calhoun County on August 27, 2023.  (Doc. 1-1 at ¶ 7).  The plaintiffs allege Leland was driving a vehicle of unspecified make and model north on U.S. Highway 431, with Charlie as his passenger.  (Doc. 1-1 at ¶ 7).  Leland and Charlie are Alabama citizens.  (Doc. 1 at ¶ 3).  The defendant, a citizen of Florida, was driving a 2023 BMW Alpina B7 west on General Gerald Watson Way.  (Doc. 1 at ¶ 4; Doc. 1-1 at ¶ 8).  At the intersection of U.S. Highway 431 and General Gerald Watson Way, the defendant failed to yield the right-of-way to Leland and caused a violent crash.  (Doc. 1-1 at ¶¶ 11-14).  Leland sustained serious physical injuries that required him to be airlifted from the accident scene and hospitalized.  (Doc. 1-1 at ¶ 15).  At least some of Leland's injuries are permanent.  (Doc. 1-1 at ¶ 31).  Charlie also sustained serious physical injuries, at least some of which are permanent.  (Doc. 1-1 at ¶¶ 16, 31).  Leland and Charlie both incurred, and will continue to incur, medical expenses and suffered, and will continue to suffer, substantial pain and extreme mental anguish and emotional distress.  (Doc. 1-1 at ¶¶ 17-18, 37-38).  Leland additionally incurred damage to his property, presumably the vehicle he was driving.  (Doc. 1-1 at ¶ 37).

The plaintiffs assert claims for negligence *per se*, negligence, and wantonness against the defendant and seek compensatory and punitive damages. (Doc. 1-1 at ¶¶ 19-40).

The plaintiffs served Chan-A-Sue with process on February 3, 2024. (Doc. 1 at ¶ 2; Doc. 1-2). The defendant's insurance carrier (State Farm) initially sought to assign representation of the defendant to Charlie Gaines ("Charlie Gaines") of Gaines Gaines, P.C. (Doc. 7-1 at ¶ 3). Charlie Gaines at some point declined the appointment after determining there was a possibility the case could be removed on the basis of diversity jurisdiction. (He does not practice in federal court.) (Doc. 7-1 at ¶ 4). Charlie Gaines notified the plaintiffs' counsel he had "a diversity issue" on February 26, 2024, but maintained contact with the plaintiffs' counsel, he says "only to facilitate the transfer of information and material [he] had received to the firm that would be representing [the defendant]." (Doc. 7-1 at ¶¶ 5, 8; Doc. 8-2 at 2).[3] That information and material included medical bills and subrogation information the plaintiffs' counsel provided to Charlie Gaines on February 26, 2024. (Doc. 3-1; Doc. 3-2).

State Farm ultimately assigned the defense of Chan-A-Sue to Travis Keith ("Keith") and Ralph Gaines ("Ralph Gaines") of Gaines Gault Hendrix, P.C. Keith

---

[3] The plaintiffs dispute this characterization of Charlie Gaines's continued involvement in the case. (Doc. 8-1).

3

and Ralph Gaines state they received the aforementioned medical bills and subrogation information on March 8, 2024. (Doc. 1 at ¶ 5; Doc. 7 at 6-7).[4] Acting on behalf of the defendant, Keith and Ralph Gaines removed the case to this district court on April 1, 2024, alleging diversity as the basis of federal subject matter jurisdiction. (*See generally* Doc. 1).

## II. Discussion

A defendant may remove an action from state court to federal district court if the district court would have had original subject matter jurisdiction. 28 U.S.C. § 1441(a). Original federal subject matter jurisdiction includes diversity jurisdiction. *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1305 (11th Cir. 2016). Diversity jurisdiction exists where an action is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). Multiple claims by one plaintiff generally can be aggregated to satisfy the amount-in-controversy requirement. *Andrews v. Med. Excess, LLC*, 863 F. Supp. 2d 1137, 1139 (M.D. Ala. 2012). Claims by multiple plaintiffs generally cannot be aggregated to satisfy the amount-in-controversy requirement. *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 974 (11th Cir. 2002). However, in the case of multiple plaintiffs, if the claims of one plaintiff satisfy the amount-in-

---

[4] The notice of removal mistakenly identifies Erby Fischer as counsel for the defendant who received the medical bills and subrogation information on March 8, 2024. (Doc. 1 at ¶ 5). Erby Fischer is counsel for the plaintiffs.

4

<s>

controversy requirement, a court may exercise federal subject matter jurisdiction over all the plaintiffs' claims arising from the same case or controversy. *Hickerson v. Enter. Leasing Co. of Georgia, LLC*, 818 F. App'x 880, 883 (11th Cir. 2020) (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 549 (2005)). A defendant who removes an action to federal court bears the burden of demonstrating the existence of original federal subject matter jurisdiction, be it diversity or otherwise. *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294 (11th Cir. 2008).

A defendant who removes an action to federal court also bears the burden of demonstrating compliance with the procedural requirements for removal. *Premier Holidays Int'l, Inc. v. Actrade Cap., Inc.*, 105 F. Supp. 2d 1336, 1338-89 (N.D. Ga. 2000). One of those requirements is that if the case stated by the initial pleading is removable, the case must be removed within thirty days from the defendant's receipt of the initial pleading, 28 U.S.C. § 1446(b)(1), and that if the case stated by the initial pleading is not removable, the case must be removed within thirty days from the defendant's receipt of "other paper from which it may first be ascertained that the case is one which is or has become removable," § 1446(b)(3). "While the time limit of § 1446 is not jurisdictional, it is a strictly applied rule of procedure, and untimeliness is a ground for remand." *Marion Corp. v. Lloyds Bank, PLC*, 738 F. Supp. 1377, 1378 (S.D. Ala. 1990); *see also Newman v. Spectrum Stores, Inc.*, 109

F. Supp. 2d 1342, 1345 (M.D. Ala. 2000) (discussing same principle); *Clingan v. Celtic Life Ins. Co.*, 244 F. Supp. 2d 1298, 1302 (M.D. Ala. 2003) (same).

The plaintiffs contend it was apparent on the face of the complaint that the amount in controversy exceeds $75,000.00, making the notice of removal – filed by the defendant fifty-eight days after receiving the pleading – untimely.  (Docs. 3, 8).  They further contend that, even if satisfaction of the amount-in-controversy requirement was not apparent on the face of the complaint, they provided the defendant, through Charlie Gaines, with "other paper" that made satisfaction of the requirement apparent on February 26, 2024; therefore, removal was untimely even under the extended filing period provided by § 1446(b)(3).  (Docs. 3, 8).[5]  The defendant disputes the plaintiffs' first contention and argues Charlie Gaines's receipt of medical bills and subrogation information on February 26, 2024, is irrelevant to the § 1446(b) analysis because Charlie Gaines was not then acting as the defendant's legal counsel.  (Doc. 7).  The defendant takes the position that receipt of medical bills and subrogation information by Keith and Ralph Gaines on March 8, 2024, is what triggered the thirty-day removal period.  (Doc. 1 at ¶¶ 5-6; Doc. 7).  The court concludes below that the defendant's receipt of the complaint triggered the removal period because the complaint made it facially apparent the amount in controversy exceeds $75,000.  The court declines to address the parties' alternative arguments.

---

[5] Thirty-five days elapsed between February 26, 2024, and April 1, 2024.

Where a complaint does not specify the amount of money damages sought, "Eleventh Circuit precedent permits district courts to make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010) (internal quotation marks omitted). "[C]ourts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Id.* at 1062. Application of judicial experience and common sense leads this court to conclude that it was apparent from the face of the complaint the amount in controversy exceeds $75,000.00 for at least one of the plaintiffs. This conclusion follows easily from the allegations of serious and permanent physical injury, past and future medical expenses (not the least of which was an emergency trip by air to the hospital), extreme mental anguish and emotional distress, and property damage; the wantonness claim; and the request for punitive damages. *See Hickerson v. Enter. Leasing Co. of Ga., LLC*, 818 F. App'x 880, 883 (11th Cir. 2020) ("Complaints alleging serious, lasting physical injuries are typically removable because it is facially apparent that these claims are worth more than $75,000."); *Bush v. Winn Dixie Montgomery, LLC*, 132 F. Supp. 3d 1317, 1318 (N.D. Ala. 2015) (reading *Roe* as an acknowledgment "that a plaintiff . . . who claims to have sustained a very substantial personal injury at the hands of a defendant and who charges that

7

defendant with wantonness and who seeks to recover pain, suffering, and mental anguish, and seeks punitive damages, is realistically hoping to recover more than $75,000").

The defendant characterizes the plaintiffs' allegations regarding their injuries and damages as general and conclusory. (Doc. 7 at 8-10). The plaintiffs do not allege details regarding the injuries and damages they suffered, but the court does not understand that to be a requirement. In the absence of detailed allegations regarding the nature of the plaintiffs' injuries and damages, the allegations regarding the mechanics of the accident, which the plaintiffs describe as violent, and the allegation Leland had to be airlifted from the scene to the hospital allow for the reasonable inference that at least Leland's physical injuries (and attendant mental anguish and emotional distress) were serious.

The defendant also argues it was facially apparent the amount-in-controversy requirement is satisfied only if the court ignores "[t]he well-understood reality" that Alabama plaintiffs' attorneys have a commonplace practice of embellishing the severity of their clients' injuries. (Doc. 7 at 9-10). This argument addresses what the plaintiffs can prove, not what they have pleaded, and it is what they have pleaded that matters for purposes of determining the amount in controversy. *See Seckel v. Travelers Home and Marine Ins. Co.*, 2013 WL 360421, at *2 (N.D. Ala. Jan. 29, 2013) ("Although the court questions the merits of [the plaintiff's] emotional distress

8

claim under Alabama law, his pleading put those emotional damages at issue and the likelihood of success on those claims is irrelevant at this point.").

### III. Conclusion

Because it was apparent on the face of the complaint that the amount in controversy exceeds the jurisdictional threshold, the defendant had thirty days from his receipt of the complaint to file a notice of removal. Those thirty days expired on March 4, 2024. The notice of removal filed on April 1, 2024, therefore is untimely. The court will grant the plaintiffs' pending motion (Doc. 3) and remand this case to Calhoun County Circuit Court under § 1447(c). A separate order will be entered.

**DONE** this 25th day of June, 2024.

/s/ Staci G. Cornelius
STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE